**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, | : : : | Civil Action No. 2:22-cv-827 |
| | : | Hon. William S. Stickman IV |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTH STAR INSURANCE ADVISORS LLC, TORCHLIGHT TECHNOLOGY GROUP LLC, and RAPID RESPONSE MARKETING LLC | : : : : | Electronically Filed |
| | : | |
| Defendants. | : | |

**DEFENDANT TORCHLIGHT TECHNOLOGY GROUP LLC'S ANSWER,
AFFIRMATIVE AND OTHER DEFENSES, AND CROSSCLAIM**

Defendant, Torchlight Technology Group LLC ("Torchlight"), by and through its counsel,

Fox Rothschild LLP, in the form of its Answer, Affirmative and Other Defenses, and Crossclaim,

responds to Plaintiff's Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Amended Complaint attempts to state a legal conclusion to
which no response is required. To the extent a response is required, Torchlight denies the
allegations in Paragraph 1.

2.      Paragraph 2 of the Amended Complaint attempts to state a legal conclusion to
which no response is required. To the extent a response is required, however, Torchlight denies
the allegations in Paragraph 2.

3.      Paragraph 3 of the Amended Complaint attempts to state a legal conclusion to
which no response is required. Paragraph 3 further relies upon information concerning Plaintiff's
motives and the calls alleged to be at issue in this case for which Torchlight lacks the requisite

knowledge to admit or deny the factual allegations in Paragraph 3.  To the extent a response is required, Torchlight denies the allegations in Paragraph 3.

4.      Paragraph 4 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent a response is required, however, Torchlight denies the allegations in Paragraph 4.

## **PARTIES**

5.      Torchlight lacks the requisite knowledge to admit or deny the allegations stated in Paragraph 5 of the Amended Complaint and, on that basis, denies the allegation in Paragraph 5.

6.      Torchlight lacks the requisite knowledge to admit or deny the allegations stated in Paragraph 6 of the Amended Complaint and, on that basis, denies the allegation in Paragraph 6.

7.      Admitted.

8.      Torchlight lacks the requisite knowledge to admit or deny the allegations stated in Paragraph 8 of the Amended Complaint and, on that basis, denies the allegation in Paragraph 8.

## **JURISDICTION & VENUE**

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Torchlight admits that the Court has jurisdiction over this dispute.

10.      Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations stated in Paragraph 10 of the Amended Complaint and, on that basis, denies the allegation in Paragraph 10.

11.      Paragraph 11 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent a response is required, Torchlight admits that its

principal place of business is in Pennsylvania. Torchlight otherwise denies the allegations in Paragraph 11 of the Amended Complaint.

12.     Paragraph 12 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 12 of the Amended Complaint and, on that basis, denies the allegation in Paragraph 12.

13.     Paragraph 13 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent a response is required, however, Torchlight denies the allegations in Paragraph 13.

## THE TELEPHONE CONSUMER PROTECTION ACT

14.     Paragraph 14 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 14 of the Amended Complaint, including because the statute speaks for itself.

15.     Paragraph 15 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 15 of the Amended Complaint, including because the statute speaks for itself.

16.      Paragraph 16 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 16 of the Amended Complaint, including because the statute speaks for itself.

17.     Paragraph 17 of the Amended Complaint attempts to state a legal conclusion to

which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 17 of the Amended Complaint.

18.    Paragraph 18 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, however, Torchlight denies the allegations in Paragraph 18 of the Amended Complaint.

## FACTUAL ALLEGATIONS

19.    Plaintiff omitted any Paragraph 19 from the Amended Complaint; thus, no response is required.

20.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 20 of the Amended Complaint and on that basis denies the allegations in Paragraph 20.

21.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 21 of the Amended Complaint and on that basis denies the allegations in Paragraph 21.

22.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 22 of the Amended Complaint and on that basis denies the allegations in Paragraph 22.

23.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 23 of the Amended Complaint and on that basis denies the allegations in Paragraph 23.

24.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 24 of the Amended Complaint and on that basis denies the allegations in Paragraph 24.

25.    Torchlight admits that it had a contractual agreement with North Star Insurance whose terms speak for themselves. Torchlight otherwise lacks the requisite knowledge to admit or deny the allegations in Paragraph 25 of the Amended Complaint.

26.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 26 of the Amended Complaint and on that basis denies the allegations in Paragraph 26.

27.     Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 27 of the Amended Complaint and on that basis denies the allegations in Paragraph 27.

28.     Torchlight denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 29 of the Amended Complaint and on that basis denies the allegations in Paragraph 29.

30.     Paragraph 30 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 30 of the Amended Complaint and on that basis denies the allegations in Paragraph 30.

31.     Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 31 of the Amended Complaint and on that basis denies the allegations in Paragraph 31.

32.     Paragraph 32 of the Amended Complaint attempts to state a legal conclusion  to which no response is required. To the extent that a response is required, however, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 32 of the Amended Complaint and on that basis denies the allegations in Paragraph 32.

33.     Paragraph 33 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 33 of the Amended Complaint and on that basis denies the allegations in Paragraph 33.

34.     Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 34 of the Amended Complaint and on that basis denies the allegations in Paragraph 34.

35.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 35 of the Amended Complaint and on that basis denies the allegations in Paragraph 35.

36.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 36 of the Amended Complaint and on that basis denies the allegations in Paragraph 36.

37.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 37 of the Amended Complaint and on that basis denies the allegations in Paragraph 37.

38.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 38 of the Amended Complaint and on that basis denies the allegations in Paragraph 38.

39.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 39 of the Amended Complaint and on that basis denies the allegations in Paragraph 39.

40.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 40 of the Amended Complaint and on that basis denies the allegations in Paragraph 40.

41.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 41 of the Amended Complaint and on that basis denies the allegations in Paragraph 41.

42.    Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 42 of the Amended Complaint and on that basis denies the allegations in Paragraph 42.

43.    Paragraph 43 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 43 of the Amended Complaint and on that basis denies the allegations in Paragraph 43.

44.    Paragraph 44 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 44 of the Amended Complaint

and on that basis denies the allegations in Paragraph 44.

45.     Paragraph 45 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight lacks the requisite knowledge to admit or deny the allegations in Paragraph 45 of the Amended Complaint and on that basis denies the allegations in Paragraph 45.

<u>**TORCHLIGHT INSURANCE AND TORCHLIGHT'S LIABILITY FOR RAPID RESPONSE'S CONDUCT**</u>

46.     Paragraph 46 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, however, Torchlight denies the allegations in Paragraph 46.

47.     Paragraph 47 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Paragraph 48 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 48 of the Amended Complaint.

49.      Paragraph 49 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Paragraph 50 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Paragraph 51 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the

allegations in Paragraph 51 of the Amended Complaint.

52.     Paragraph 52 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Paragraph 53 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Paragraph 54 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Paragraph 55 of the Amended Complaint attempts to state a legal conclusion  to which no response is required. To the extent that a response is required, Torchlight admits that it set forth specific compliance and contractual requirements for any calls transferred by Rapid Response and that it provided transfers to North Star Insurance subject to specific compliance and contractual requirements. Torchlight otherwise denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Paragraph 56 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Torchlight admits that it set forth specific compliance and contractual requirements for any calls transferred by Rapid Response and that it provided transfers to North Star Insurance subject to specific compliance and contractual requirements. Torchlight otherwise denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Paragraph 58 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Paragraph 59 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, and to the extent Torchlight has sufficient knowledge to understand and respond to the allegations in Paragraph 59, Torchlight denies the allegations in Paragraph 59 of the Amended Complaint.

60.     Paragraph 60 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Paragraph 61 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 61 of the Amended Complaint.

## CLASS ACTION STATEMENT PURSUANT TO LCvR 23

62.     Paragraph 62 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 62 of the Amended Complaint and denies that the Amended Complaint sets forth a valid basis for certifying a class under Rule 23.

63.     Paragraph 63 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, however, Torchlight denies the allegations in Paragraph 63 of the Amended Complaint.

64.     Paragraph 64 of the Amended Complaint attempts to state a legal conclusion  to which no response is required. To the extent that a response is required, however, Torchlight denies

the allegations in Paragraph 64 of the Amended Complaint.

65.     Paragraph 65 of the Amended Complaint attempts to state a legal conclusion  to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 65 of the Amended Complaint.

66.     Paragraph 66 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Torchlight admits that the Amended Complaint seeks both injunctive relief and money damages; however, Torchlight denies that any relief is appropriate or warranted.

68.     Paragraph 68 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 68 of the Amended Complaint.

69.     Paragraph 69 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 69 of the Amended Complaint.

70.     Paragraph 70 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 70 of the Amended Complaint.

71.     Paragraph 71 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 71 of the Amended Complaint.

72.     Paragraph 72 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the

allegations in Paragraph 72 of the Amended Complaint.

73.     Paragraph 73 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 73 of the Amended Complaint.

74.     Paragraph 74 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 74 of the Amended Complaint.

75.     Paragraph 75 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 75 of the Amended Complaint.

76.     Paragraph 76 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 76 of the Amended Complaint.

77.     Paragraph 77 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 77 of the Amended Complaint.

78.     Paragraph 78 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 78 of the Amended Complaint.

## FIRST CAUSE OF ACTION

79.     Torchlight incorporates its responses to the foregoing paragraphs as if set forth at length.

80.     Paragraph 80 of the Amended Complaint attempts to state a legal conclusion to

which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Paragraph 81 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 81 of the Amended Complaint.

82.     Paragraph 82 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 82 of the Amended Complaint.

83.     Paragraph 83 of the Amended Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response is required, Torchlight denies the allegations in Paragraph 83 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendant Torchlight Technology Group LLC denies that Plaintiff is entitled to any of the relief that he seeks in the "WHEREFORE" clause of the Amended Complaint, including Paragraphs A through D.

## DEMAND FOR JURY TRIAL

Torchlight admits that Plaintiff has requested a jury trial as set forth in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks Constitutional standing to sue.

## THIRD DEFENSE

Plaintiff lacks Prudential standing to sue.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH DEFENSE

Plaintiff seeks to hold Torchlight liable for the actions of a third-party.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff's claims under the TCPA are unconstitutional.

## TENTH DEFENSE

Plaintiff's claims against Torchlight are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

## ELEVENTH DEFENSE

Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

## TWELFTH DEFENSE

Plaintiff's claims are barred on the basis of consent.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Torchlight are barred because the TCPA does not permit Plaintiff to revoke consent after, as part of a bargained-for-exchange.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of good faith.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to any relief because Torchlight's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

## SIXTEENTH DEFENSE

Torchlight is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

## SEVENTEENTH DEFENSE

The damages Plaintiff seeks against Torchlight violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Torchlight are barred because the calls about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Torchlight for such calls would violate its First Amendment rights.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because Torchlight did not engage in willful and/or knowing

misconduct.

## **TWENTIETH DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom Torchlight exercised no control.

## **RESERVATION OF RIGHTS**

Torchlight states that its investigation into the circumstances underlying this lawsuit is ongoing. Accordingly, Torchlight reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant Torchlight Technology Group LLC prays for judgment as follows:

A.     That Plaintiff takes nothing by reasons of his Amended Complaint;

B.     That judgment be entered against Plaintiff and in favor of Torchlight Technology Group LLC;

C.     That Torchlight Technology Group LLC recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

D.     That the Court grant Torchlight Technology Group LLC such other and further relief as it deems just and proper.

## **TORCHLIGHT TECHNOLOGY GROUP LLC'S**
## **CROSS-CLAIMS AGAINST RAPID RESPONSE MARKETING LLC**

Defendant/Cross-Claimant Torchlight Technology Group, LLC ("Torchlight"), by and through its undersigned counsel, for its crossclaims against Cross-Respondent Rapid Response Marketing LLC ("Rapid Response") states as follows:

## **PARTIES**

1.     Torchlight is a Delaware limited liability company with its principal place of

business in Pennsylvania.

2.      Rapid Response is a Nevada limited liability company with its principal place of business in Nevada.

3.      Plaintiff Stewart Abramson is an individual citizen and resident of Pennsylvania.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Torchlight's claims under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, the parties to Torchlight's crossclaim are completely diverse and there is a reasonable certainty that the amount in controversy in Plaintiff's Amended Complaint exceeds $75,000.00. Finally, this Court may prudently exercise supplemental jurisdiction over Torchlight's crossclaim given its inextricable link to the allegations in Plaintiff's Amended Complaint.

5.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

6.      Plaintiff asserted claims in this matter as an individual and as a representative of a purported class of persons, predicated on alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

7.      Through his Amended Complaint, Plaintiff named, *inter alia,* Torchlight and Rapid Response as defendants. (Dkt. No. 13).

8.      Torchlight is a provider of insuretech and martech services to companies in the

insurance and specialty finance industries.

9.      During the relevant time period, Torchlight's services have included digital marketing, analytics, brand strategy, and e-commerce.

10.     As part of its services, Torchlight secures for its customers compliant, warm transfer calls with consumers that are interested in insurance products and services.

11.     Torchlight did not call Plaintiff.

12.     Torchlight did not place any of the telephone calls that serve as the factual predicate for the claims asserted by Plaintiff or the putative class.

13.     Torchlight denies liability for the claims asserted by Plaintiff on behalf of himself and the putative class.

14.     Defendant North Star Insurance Advisors LLC ("North Star") was a customer of Torchlight during the relevant time period.

15.     Defendant Rapid Response was a vendor of Torchlight during the relevant time period.

16.     Rapid Response and Torchlight had a contractual relationship during the relevant time period.

17.     Rapid Response and Torchlight have executed multiple contracts for Rapid Response to supply consumer warm transfer calls to Torchlight.

18.     Rapid Response agreed to generate consumer, warm transfer calls subject to a set of compliance protocol and contractual requirements with Torchlight.

19.     Rapid Response agreed that any calls it transferred to Torchlight would meet all relevant state and federal telemarketing laws and regulations.

20.     Rapid Response is an independent contractor of Torchlight.

21.     Rapid Response was not operating an exclusive calling campaign for Torchlight.

22.     Calls made to a consumer by or on behalf of Rapid Response could have been transferred to multiple different companies and/or customers of Rapid Response.

23.     During the relevant time period, Rapid Response transferred some consumer calls to Torchlight's customers via Torchlight's routing system.

24.     Each of the consumer calls Rapid Response provided to Torchlight were required to be with consumers that had expressed genuine interest in speaking with Torchlight's customer about insurance products or services.

25.     Each of the consumer calls Rapid Response provided to Torchlight were required to be supported by prior express written consent that was valid under the TCPA and other relevant laws and regulations.

26.     Torchlight compensated Rapid Response for call transfers in an amount and manner consistent with the parties' written contract.

27.     The parties' written contracts and pattern of practice each separately and collectively created specific contractual requirements for any calls transferred by Rapid Response to Torchlight.

28.     Rapid Response's representations create further obligations for telemarketing compliance by Rapid Response for any calls transferred by Rapid Response to Torchlight.

29.     Rapid Response has common law duties and obligations to Torchlight associated with the calls transferred by Rapid Response to Torchlight.

30.     On May 24, 2022, Rapid Response transferred a consumer call to Torchlight's customer North Star that originated with an outbound call to Plaintiff's telephone number.

31.     Plaintiff alleges that the call transferred by Rapid Response to North Star was made in violation of the TCPA.

32.     Torchlight denies liability for Plaintiff's claims; however, the allegation and this action have caused Torchlight to incur losses, including costs, fees, and damages.

33.     Rapid Response is liable to Torchlight for all losses incurred as a result of Plaintiff's claims.

34.     Rapid Response is liable to Torchlight based on the parties' written contractual agreement.

35.     Rapid Response is liable to Torchlight through its acceptance, by signature and/or performance, of an October 12, 2020 Insertion Order.

36.     Rapid Response is liable to Torchlight through its acceptance, by signature and/or performance, of Torchlight's Terms and Conditions.

37.     Rapid Response is liable to Torchlight based on the parties' pattern of practice.

38.     Rapid Response is liable to Torchlight based on its common law duties.

39.     Torchlight compensated Rapid Response based on, *inter alia,* Rapid Response's representation that any consumer calls were valid and met the requirements of the parties' agreement.

40.     When Torchlight sold consumer calls transferred by Rapid Response to third parties, such as North Star, Torchlight relied on Rapid Response's material representations concerning compliance.

41.     Rapid Response knew Torchlight relied on Rapid Response's representations of compliance when purchasing call transfers from Rapid Response.

42.     Rapid Response failed to meet its obligations to Torchlight.

43.     Rapid Response failed to meet the compliance representations it made to Torchlight.

44.     When Torchlight learned of Plaintiff's claims, it timely served an indemnification demand to Rapid Response.

45.     On July 5, 2022, Rapid Response's counsel provided written notice that Rapid Response would indemnify Torchlight for damages incurred in connection with this case.

46.     Rapid Response has subsequently refused to indemnify Torchlight for its losses, costs, fees, and damages arising from this case.

47.     On August 2, 2022, Torchlight provided two business days' notice that it was shutting off warm transfer call traffic from Rapid Response.

48.     On August 4, 2022, Torchlight stopped receiving call transfers from Rapid Response.

49.     Torchlight timely paid Rapid Response in a manner consistent with the terms of the parties' contract until it learned that Rapid Response materially breached the contract, at which point it acted to terminate the agreement.

50.     As a direct result of Rapid Response's breach of the contract, Torchlight has suffered damages, including costs and fees associated with its defense of Plaintiff's action.

## FIRST CROSSCLAIM
### (Contractual Indemnity)

51.     Torchlight hereby incorporates by reference all of the foregoing allegations as if fully set forth herein.

52.     A valid contractual relationship exists between Torchlight and Rapid Response.

53.     Under that contract, Rapid Response agreed to indemnify Torchlight and hold it harmless for any third-party claim or demand that arises out of or relates to any actual or alleged breach of Rapid Response's express representations or warranties, or a violation of applicable laws.

54.     Plaintiff's claims arise out of and relate to an actual or alleged breach of Rapid Response's representations or warranties to Torchlight.

55.     Plaintiff's claims arise out of or relate to an alleged violation of applicable laws by Rapid Response, its personnel, and/or its sub-vendors.

56.     Plaintiff's allegation of alleged breach of the parties' agreement is sufficient to establish a requirement that Rapid Response must indemnify Torchlight for all costs, fees, and damages arising from this case.

57.     Rapid Response owes indemnification to Torchlight.

58.      Torchlight has already incurred losses subject to indemnity.

59.     Torchlight tendered a demand for indemnity.

60.     Rapid Response initially agreed to indemnify Torchlight, then subsequently changed its position and denied Torchlight's request for reimbursement of all costs, fees, and damages from Plaintiff's claims.

61.     Torchlight fulfilled its obligations under the parties' contractual agreement.

62.     The claims alleged by Plaintiff in this case derive from an action that is proximately traceable to actions, omissions, or misrepresentations by Rapid Response.

63.     Rapid Response refuses to indemnify Torchlight.

64.     By reason of the foregoing, Torchlight demands judgment in its favor and against Rapid Response for indemnity, including any and all claims, losses, liabilities, damages, penalties, fines, costs, and expenses incurred by Torchlight as a result of this action.

## SECOND CROSSCLAIM
### (Indemnity by Operation of Law)

65.     Torchlight hereby incorporates by reference all of the foregoing allegations as if fully set forth herein.

66.     Indemnity by operation of law arises when a person or entity who is without active fault on its own part is compelled by some legal obligation to pay damages occasioned by the initial negligence or fault of another, and for which the person or entity is only secondarily liable.

67.     Torchlight is not directly liable for Plaintiff's claims.

68.     Plaintiff seeks to hold Torchlight vicariously liable in this matter for the actions of Rapid Response.

69.     Torchlight has and continues to incur costs, fees, and damages stemming from

Rapid Response's conduct.

70.     Additionally, if Plaintiff and/or the proposed Class are successful in their claims against Torchlight, then Torchlight will have incurred damages for the active fault of another.

71.     Torchlight demands judgment in its favor and against Rapid Response by operation of law, including any and all claims, losses, liabilities, damages, penalties, fines, costs and expenses (including reasonable attorneys' fees, court costs and settlement costs but excluding consequential damages, lost profits or punitive damages) incurred by Torchlight as a result of this action, together with such other and further relief as the Court deems just and proper consistent with this prayer for relief.

## THIRD CROSSCLAIM
(Breach of Contract)

72.     Torchlight hereby incorporates by reference all of the foregoing allegations as if fully set forth herein.

73.     Rapid Response contracted with Torchlight to provide legally compliant consumer call transfers to Torchlight.

74.     Rapid Response also agreed to indemnify Torchlight where a third party's allegations against Torchlight stem from the warranties provided by Rapid Response under the contract or its violations of applicable laws.

75.     Plaintiff alleges, *inter alia,* that Rapid Response called his number, and those of the putative class members, in violation of the TCPA.

76.     Plaintiff's allegation of alleged breach of the parties' agreement is sufficient to establish a requirement that Rapid Response must indemnify Torchlight for all costs, fees, and

damages arising from this case.

77.     Rapid Response has refused to indemnify Torchlight.

78.     Rapid Response was required to collect, maintain, and (upon request) timely produce evidence of valid consent to call any consumer that was transferred to Torchlight.

79.     The contract between the parties is enforceable.

80.     Rapid Response has breached the contract by failing to indemnify Torchlight for its costs, damages, fees, and losses in this case.

81.     Rapid Response has breached the contract by failing to deliver to Torchlight timely evidence of valid consent for the call to Plaintiff.

82.     If Plaintiff's claims are correct, then Rapid Response breached the contract by failing to deliver legally compliant call transfers to Torchlight

83.     Torchlight fulfilled its obligations under the parties' contractual agreement.

84.     Torchlight terminated the agreement between the parties due to Rapid Response's material breaches of the agreement.

85.     Torchlight's obligations to perform were discharged due to Rapid Response's material breaches of the parties' contractual relationship.

86.     Regardless of materiality, Rapid Response's actions breached the contract.

87.     Torchlight has and continues to suffer damages proximately caused by Rapid Response's breaches of the agreement.

88.     Torchlight demands judgment in its favor against Rapid Response accounting for

its losses, including its legal fees and expenses incurred in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Cross-Claimant Torchlight Technology Group LLC demands judgment in its favor and against Rapid Response as follows:

A.      Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202 that Rapid Response must indemnify and reimburse Torchlight for any and all claims, losses, liabilities, damages, penalties, fines, costs and expenses (including reasonable attorneys' fees, court costs and settlement costs but excluding consequential damages, lost profits or punitive damages) incurred by Torchlight in defending the lawsuit filed by Plaintiff Stewart Abramson;

B.      Awarding compensatory damages to Torchlight on its crossclaims;

C.      Awarding Torchlight's reasonable attorneys' fees;

D.      Awarding pre- and post-judgment interests and costs of suit; and

E.      Ordering such further relief as the Court deems just and proper.

Dated: September 13, 2022                         **FOX ROTHSCHILD LLP**

*/s/ Paul A. Rosenthal*
Paul A. Rosenthal, Esq. (*pro hac vice*)
Kieran T. Ensor, Esq. (*pro hac vice*)
49 Market Street
Morristown, NJ 07960
(973) 992-4800
prosenthal@foxrothschild.com
kensor@foxrothschild.com

Patrick L. Abramowich, Esq.
PA ID No. 74494
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
(412) 394-556
pabramowich@foxrothschild.com

*Attorneys for Defendant, Torchlight
Technology Group LLC*