IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, *Individually and on behalf of a class of all persons and entities similarly situated*,<br><br>     *Plaintiff,*<br><br>v.<br><br>NORTH STAR INSURANCE ADVISORS, LLC, *et al*,<br><br>     *Defendants.* | Civil Action No. 2:22-cv-827<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

  In this latest in a series of discovery disputes between the parties, Plaintiff seeks an order compelling Defendant Rapid Response Marketing LLC ("Rapid Response Marketing") to provide information responsive to Request for Production ("RFP") No. 19. (ECF No. 64). Specifically, the dispute centers around Plaintiff's demand that Rapid Response Marketing "obtain and produce the underlying calling data that led to the transfers it produced from SBM." (ECF No. 64, p. 3). SBM Communications ("SBM") is one of the vendors that Rapid Response Marketing used to physically dial telemarketing calls. As an initial matter, the Court holds that the requested information is relevant—as that term is used in the context of discovery—and otherwise discoverable.

  Rapid Response Marketing represents that it has produced all responsive information in its possession and that it is "not in the custody, possession or control" of further responsive information. Rapid Response Marketing contends that Plaintiff may (and has already attempted to) issue a third-party subpoena to SBM to obtain the information he seeks. Plaintiff

acknowledges that he has unsuccessfully attempted to obtain the material by subpoena. He is seeking the information from Rapid Response Marketing because the attempted subpoena did not bear fruit.

Plaintiff correctly argues that Federal Rule of Civil Procedure 34(a)(1) requires production of materials "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). He accurately cites caselaw interpreting "control" as including a party's legal right or practical ability to obtain the requested documents from a non-party on demand. The "legal right" may arise from, *inter alia*, contractual terms. In addition, "practical ability" to obtain the requested information encompasses a number of considerations relating to the relationship between the party and the third party. In this case, Plaintiff contends that Rapid Response Marketing has a legal right to obtain the material pursuant to the terms of its contractual relationship with SBM. Plaintiff also points out that Rapid Response Marketing has already exercised its ability to obtain information from SBM when it successfully obtained responsive information (including a recording) about Plaintiff's call.

AND NOW, this 22 day of June 2023, IT IS HEREBY ORDERED that the Motion to Compel (ECF No. 64) is GRANTED. Rapid Response Marketing is hereby ORDERED to produce, to the extent that it has not already, all material in its possession responsive to RFP No. 19. The Court holds that Rapid Response Marketing must make a good-faith effort to obtain the requested material from SBM within thirty (30) days of this Order. These efforts include all avenues available pursuant to the contractual relationship between Rapid Response Marketing and SBM, in addition to any other avenue arising from the Rapid Response Marketing's course of dealing with SBM—including but not limited to the avenue(s) previously pursued by Rapid Response Marketing to obtain the recording of Plaintiff's call. To the extent that Rapid

Response Marketing's efforts to obtain the requested material from SBM are unsuccessful, Rapid Response Marketing shall prepare and file a detailed description of all efforts that it undertook to comply with its obligations under RFP No. 19 and this Order and supported by a declaration of each individual (counsel and otherwise) with first-hand knowledge of those efforts.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
