IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NORTH STAR INSURANCE ADVISORS LLC, TORCHLIGHT TECHNOLOGY GROUP LLC and RAPID RESPONSE MARKETING LLC<br><br>Defendants. | Case No. 2:22-cv-827<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

On June 13, 2024, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

arguments raised by North Star Insurance Advisors LLC ("North Star") and Torchlight Technology Group LLC ("Torchlight") and Rapid Response Marketing LLC ("Rapid Response") (along with North Star collectively referred to as the "Defendants") in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.  The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Defendants' Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.  The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4.  Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5. Defendants filed a copy of the notice it gave on January 22, 2024 pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

8. An award of $ 139,500.00 for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

9. An award of $ 10,000.00 for a Representative Award to the Plaintiff is fair and reasonable in light of the nature of this case, the Plaintiff's experiences in this case and the benefits obtained for the Settlement Class.

10. Reimbursement of $ 75,000.00 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

11. **Class Members.** The Settlement Class is certified as a class of all persons within the United States: (1) who were users and subscribers of telephone number to which (2) SBM Communications placed a telemarketing call (3) on behalf of Rapid Response, (4) from June 7,

2018 through May 3, 2023 (5) as part of the final expense insurance campaign (6) that Rapid Response produced in this case as part of the file "DSC. SBM Call Transfers to Torchlight".

12. **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion.

13. **Release.** Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendants from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 2.2.1 and 2.2.2 of the Settlement Agreement and are specifically incorporated herein by this reference. Nothing in this Order shall release any Crossclaims pending against Crossclaim Defendant Rapid Response Marketing.

14. **Class Relief.** Defendants are directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

15. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to Legal Services Corporation.

16. **Miscellaneous.** No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the

Settlement Administrator based on distributions and payments made in accordance with the Agreement.

17.  **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this 13 day of June, 2024.

_____
THE HONORABLE WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT COURT